UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHUCK CHRISTIAN, ) | |
| ) | |
| Petitioner ) | |
| ) | CAUSE NO. 3:10-CV-322 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Chuck Christian, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary proceeding. (DE 1.) In ISP 10-05-0153, a hearing officer at Indiana State Prison found Mr. Christian guilty of possessing a deadly or dangerous weapon in violation of Indiana Department of Correction ("IDOC") adult disciplinary rule A106. The charge was initiated on May 12, 2010, when Sergeant C. Tatum prepared a conduct report stating as follows:

> On the date of 5-12-10, at approx 1:20 pm, I Sgt. C. Tatum, was shaking down cube #W-51 in F-dorm, offender Christian #854384 lives in that cube. When I looked behind a blue cabinet that is inside of cube W-51 I found a long piece of metal that was sharpened to a point on one end. I confiscated this item and took it to [Internal Affairs].

(DE 8-1.) A photo was also taken of the metal object. (DE 8-3.)

Mr. Christian was notified of the charge on May 17, 2010. (DE 8-2.) The screening report reflects that he pleaded not guilty, asked for a lay advocate, didn't ask for any witnesses, and asked for camera evidence. (DE 8-2.) On May 21, 2010, the hearing officer reviewed surveillance video as Mr. Christian asked. (DE 8-5.) After viewing the video she

wrote the following summary: "You can see Sgt. Tatum go in and come out of the westside of F-Dorm, but you can't see the offender cube during the shake-down, it was to the backside of the camera." (DE 8-5.)

On May 24, 2010, the hearing officer conducted a disciplinary hearing and found Mr. Christian guilty. (DE 8-7.) In reaching this decision she said she was relying on witness statements and the physical evidence. (*Id*.) She imposed a sanction of 30 days lost earned time credits and 30 days disciplinary segregation. (*Id.*.) Mr. Christian appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE 8-8.)

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections: advance written notice of the charges; an opportunity to be heard before an impartial decision maker; an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). Mr. Christian raises four claims: (1) he was denied an impartial decision-maker; (2) he was denied his right to present evidence; (3) he did not receive proper advance notice of the charges; and (4) he was denied a meaningful appeal.

The respondent argues that claims one and three are procedurally defaulted because Mr. Christian didn't raise them in his appeal to the facility head. A prisoner seeking habeas relief must exhaust his claims at all levels of the administrative process, and his failure to

2

do so results in a procedural default. Eads v. Hanks, 280 F.3d 728, 729 (7th Cir. 2002); Markham v. Clark, 978 F.2d 993, 995 (7th Cir. 1992). A review of Mr. Christian's appeal to the facility head shows that he did not raise either of these two claims.[1] (*See* DE 8-8 at 1.) Accordingly, those claims are procedurally defaulted. Mr. Christian doesn't raise any grounds for excusing his procedural default, and so the court can't consider these claims on the merits.

In his second claim, Mr. Christian asserts that he was denied the opportunity to present evidence at the hearing. A prisoner has a limited right to call witnesses and present evidence consistent with correctional goals and safety. Wolff v. McDonnell, 418 U.S. at 566. A hearing officer can deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. Piggie v. Cotton, 342 F.3d 660, 678 (7th Cir. 2003). A court won't reverse based on a denial of evidence unless there is some indication that the evidence would have aided the prisoner's defense. Id. at 666.

The hearing officer reviewed the camera evidence as Mr. Christian requested, but it was inconclusive. (DE 8-5.) Mr. Christian appears to argue that he was entitled to have three staff members view the video under IDOC policy, but even if this is true, a violation of prison policy would not entitle Mr. Christian to federal habeas relief. *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Mr. Christian also appears to argue that video from other cameras might have provided additional evidence pertaining to this incident. (DE 12-

---

[1] It is arguable whether Mr. Christian raised any of his claims in his first-level appeal. (DE 8-8 at 1.) He made a vague reference to the camera evidence, so out of an abundance of caution the court addresses that claim on the merits. As explained, his claim pertaining to the appeal process isn't cognizable in any event.

3

1 at 5-6.) Nothing in the record suggests that other video evidence was available, or that such evidence would have aided in Mr. Christian's defense. Indeed, in his appeal to the facility head Mr. Christian acknowledged that "[n]one of the 3 cameras in F-West shows cube F-West-51, meaning its impossible to determine who planted the item . . . ." (DE 8-8 at 1.) Mr. Christian hasn't established that his due process rights were violated.

In his final claim, Mr. Christian asserts that he wasn't given a meaningful appeal because his appeals were denied without adequate consideration. (DE 12-1 at 9-10.) <u>Wolff</u> doesn't guarantee prisoners any type of appeal rights, and at most Mr. Christian has alleged violations of IDOC policy, which would not entitle him to federal habeas relief. *See* <u>Estelle</u>, 502 U.S. at 67-68. Accordingly, this claim is denied.

For the reasons set forth above, the court DENIES the petition. (DE 1)

SO ORDERED

ENTERED: January  24 , 2011.

                                                                                                /s/ Robert L. Miller, Jr.
                                                                                                Judge
                                                                                                United States District Court

cc: C. Christian
    P. Moran